United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GOOGLE LLC,

Plaintiff,

v.

NAO TSARGRAD MEDIA, et al.,

Defendants.

Case No. 5:24-cv-05423-EJD

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Re: Dkt. No. 168

Defendant Nao Tsargrad Media ("Tsargrad") has refused to continue defending in this matter. Mot. to Withdraw, ECF No. 161; Order Granting Mot. to Withdraw, ECF No. 163. Upon Plaintiff Google LLC's ("Google") request, the Clerk of Court entered default against Tsargrad on March 20, 2025. Default, ECF No. 166. Now before the Court is Google's motion for entry of default judgment. Mot. for Default J., ECF No. 168. There is no opposition.

After careful consideration of the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, the Court **ENTERS DEFAULT JUDGMENT** against Tsargrad and in favor of Google.

## I. LEGAL STANDARD

Courts may grant default judgment if a party fails to plead or otherwise defend against an action for affirmative relief. Fed. R. Civ. P. 55(a). Discretion to enter default judgment rests with the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Prior to entering default judgment, courts must (1) examine subject matter jurisdiction and personal jurisdiction, *In re Tulli*, 172 F.3d 707, 712 (9th Cir. 1999), and (2) consider the factors described in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

United States District Court
Northern District of California

## II. DISCUSSION

The Court finds it has jurisdiction over this action, and the *Eitel* factors favor an entry of default judgment.

### A. Jurisdiction

The Court finds it has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) and personal jurisdiction[1] over Tsargrad pursuant to its agreement to resolve all disputes related to Google's Terms of Service in Santa Clara County, California. Compl. ¶¶ 11, 13, ECF No. 1. The Court further finds Google has Article III standing to bring this suit. Tsargrad's litigation has forced Google to litigate in a forum other than the one agreed to by the parties, and issuing a permanent anti-suit injunction would redress this injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992).

### B. *Eitel* Factors

Next, the Court finds the *Eitel* factors weigh in favor of granting default judgment. Under *Eitel*, courts consider the following:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. In evaluating these factors, all factual allegations in the complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

Under the first *Eitel* factor, courts consider whether plaintiffs will suffer prejudice if

---

[1] Tsargrad, together with two other defendants, previously filed a motion to dismiss for lack of personal jurisdiction. Mot. to Dismiss, ECF No. 81. The Court had deferred ruling on the motion to allow time for settlement negotiations between Google and the two other defendants. Order Deferring Decision on Mot. to Dismiss, ECF No. 138. One former defendant, No Fond Pravoslavnogo Televideniya, has since been voluntarily dismissed. ECF No. 157. And the case has been stayed as to Defendant Ano Tvnovosti. ECF No. 160. The Court now denies this motion. The Court considers this motion abandoned by Tsargrad, and in any event, finds that it has personal jurisdiction over Tsargrad and comity does not support dismissal. *See* Preliminary Injunction 6–11.

United States District Court
Northern District of California

default judgment is denied. *Bd. of Trs., I.B.E.W. Loc. 332 Pension Plan Part A v. Delucchi Elec., Inc.*, No. 5:19-CV-06456-EJD, 2020 WL 2838801, at *2 (N.D. Cal. June 1, 2020) (citing *PepsiCo, Inc. v. California Security. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)). A plaintiff is prejudiced if it would be "without other recourse for recovery" because the defendant failed to appear or defend against the suit. *JL Audio Inc. v. Kazi*, No. 516CV00785CASJEM, 2017 WL 4179875, at *3 (C.D. Cal. Sept. 18, 2017). Because Tsargrad has abandoned this matter, Google will be without any other recourse for recovery unless default judgment is granted. *Oomph Innovations LLC v. Shenzhen Bolsesic Elecs. Co.*, No. 5:18-cv-05561-EJD, 2020 WL 5847505, at *2 (N.D. Cal. Sept. 30, 2020).

The second and third *Eitel* factors are often examined together. *I.B.E.W. Local 332*, 2020 WL 2838801, at *2 (citing *PepsiCo*, 238 F. Supp. 2d at 1175). These factors assess the substantive merits of the movant's claims and the sufficiency of the pleadings. *PepsiCo*, 238 F. Supp. 2d at 1175. In its Preliminary Injunction Order ("PI"), the Court already found Google pled facts sufficient to show a likelihood of success on the merits under the Rule 65 standard. For those same reasons, the Court finds Google has satisfied these factors by stating a claim on which it may recover.

As to the fourth factor, "[w]hen the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted,* No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). There is no request for monetary relief here.

Regarding the possibility of a dispute concerning material facts, Tsargrad has failed to defend this action, and Google's allegations stand undisputed. *See Shaw v. Five M, LLC*, No. 16-cv-03955-BLF, 2017 WL 747465, at *4 (N.D. Cal. Feb. 27, 2017) (noting that upon entry of default by the Clerk of the Court, the factual allegations of the complaint related to liability are taken as true). The Court therefore finds that the possibility of dispute concerning material facts is minimal and does not weigh against default judgment. *Oomph Innovations*, 2020 WL 5847505, at *4.

United States District Court
Northern District of California

Next, the Court finds no excusable neglect. On January 8, 2026, Tsargrad's former counsel filed a motion to withdraw from this case, indicating Tsargrad "ha[s] made clear (and consented to counsel disclosing) that [it] will not participate further in this litigation." Mot. to Withdraw 2. Counsel then stated that Tsargrad "[is a] sophisticated entit[y] and ha[s] been fully-advised of the consequences of counsels' withdrawal" and "ha[s] assented to the withdrawal." *Id.* at 3. Under these circumstances, the Court finds Tsargrad's failure to defend in this matter is knowing and intentional, not excusable neglect.

Finally, although public policy strongly favors deciding each case on its merits, default judgment is appropriate where a defendant refuses to litigate a case and where default judgment is the plaintiff's only recourse against the defendant. *See Core Concrete*, 2012 WL 380304, at *4; *Carlson Produce, LLC v. Clapper*, No. 18-cv-07195-VKD, 2020 WL 533004, at *5 (N.D. Cal. Feb. 3, 2020); *see also United States v. Roof Guard Roofing Co., Inc.*, No. 17-CV-02592-NC, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017), *report and recommendation adopted*, No. 5:17-CV-02592-EJD, 2017 WL 6994216 (N.D. Cal. Dec. 29, 2017) ("When a properly adversarial search for the truth is rendered futile, default judgment is the appropriate outcome."). Such is the case here, where Tsargrad refuses to litigate. *Oomph Innovations*, 2020 WL 5847505, at *4.

Accordingly, the Court finds all *Eitel* factors weigh in favor of granting default judgment.

## III. CONCLUSION AND ORDER

Pursuant to Federal Rule of Civil Procedure 55(b)(2), **DEFAULT JUDGMENT IS ENTERED** in this matter against Tsargrad on Google's claims for breach of contract and a permanent injunction (Count One); and for declaratory judgments under the Declaratory Judgment Act, 28 U.S.C. § 2201 (Count Two) as set forth in detail below.

The Court hereby enters the following final and binding Declarations:

a. Pursuant to the Google Terms of Service, Google had the right to terminate or indefinitely suspend Tsargrad's Google Account and related services;

b. The forum-selection and choice-of-law clauses in the Google Terms of Service are valid and binding upon Tsargrad;

United States District Court
Northern District of California

c. Tsargrad breached the Google Terms of Service by bringing suit in the Russian Federation to demand the reinstatement of the Google Account and related services;

d. Tsargrad was and remains required to resolve any disputes arising out of or related to the Google Terms of Service, including regarding the termination of the Google Account and related services, in the courts of Santa Clara County, California;

e. The Google Terms of Service contain an implied provision barring parties from enforcing judgments obtained in violation of the forum-selection clause therein, Dkt. 135;

f. By commencing, prosecuting, continuing, or taking any steps in or otherwise participating in proceedings to enforce the Russian Judgment and related court decisions procured in violation of the forum-selection clause, Tsargrad breached and continues to breach the Google Terms of Service; and

g. The Russian Judgment's *astreinte* is an unconscionable penalty and a punitive judgment.

The Court hereby enters the following permanent injunctive relief (the "Injunction"):

a. Tsargrad, together with its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, is permanently enjoined and restrained from commencing, prosecuting, continuing, or taking any steps in or otherwise participating in any proceeding in any jurisdiction outside of the Russian Federation, other than the federal and state courts of Santa Clara County, California as called for by the forum-selection clause in the Google Terms of Service, to enforce or take advantage of the Russian Judgment and related court decisions against Google, or any of its current or former affiliates, or any of their officers,

United States District Court
Northern District of California

agents, servants, employees, or attorneys;

b. Tsargrad, together with its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, shall immediately withdraw, discontinue, and terminate on an unconditional basis in accordance with local applicable law and procedure any proceeding in any jurisdiction outside the Russian Federation to recognize, enforce or otherwise take advantage of the Russian Judgment and related court decisions against Google, or any of its current or former affiliates, or any of their officers, agents, servants, employees, or attorneys (collectively, the "Foreign Enforcement Proceedings") and shall not take any steps or actions against the same in furtherance of any Foreign Enforcement Proceedings, whether existing or not yet filed or asserted. The Foreign Enforcement Proceedings include, but are not limited to, proceedings by Tsargrad, its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, against Google, or any of its current or former affiliates, or any of their officers, agents, servants, employees, or attorneys, in the following jurisdictions: the Arab Republic of Egypt, the Kingdom of Spain, and the Republic of Turkey; and

c. Tsargrad, together with its officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, is enjoined and restrained from commencing, prosecuting, continuing, or taking any steps in or otherwise participating in any proceedings in the Russian Federation intended to restrain Google, or any of its current or former affiliates, or any of their officers, agents, servants, employees, or attorneys, from enforcing this Judgment.

This Judgment constitutes a permanent injunction. This document constitutes a final judgment as to all claims asserted against Tsargrad in this action and a separate document for

United States District Court
Northern District of California

purposes of Federal Rule of Civil Procedure 58(a).

**IT IS SO ORDERED.**

Dated: November 3, 2026

EDWARD J. DAVILA
United States District Judge